### JOHN WARDEN *vs.* WILLIAM B. RICHARDS.

A testator appointed two of his brothers executors of his will, and did " fully authorize them to take upon themselves the trust hereby created, and to do and execute whatever is herein ordered or authorized to be done; and, if necessary for the execution thereof, to sell at public or private sale any part or all my real estate, and make, execute and deliver deeds to convey the same." One of the brothers declined the trust, and the other undertook the duties of executor. *Held,* that he had power to sell and convey the estate, if necessary for the payment of debts and legacies, and might do so at private sale and by a simple warranty deed.

ACTION OF CONTRACT to recover the price which the defendant had agreed to pay for land in Worcester, if the plaintiff could

make a good title thereto.   This question was submitted to the court upon the following facts:

George Harkness died seised of the estate, and by his will, (which was duly proved,) after certain legacies, and bequests in trust to trustees, to be nominated by his executors and appointed by the judge of probate, provided as follows :

" The residue of my property, both real and personal, I order divided among my brothers, namely, Elijah, George, Obed and Aaron Harkness, and my sisters Sarah, Susannah and Meribah, or their heirs, in the proportion of their legacies bequeathed to them, to have and to hold to them and their respective heirs forever.

" And I do hereby constitute and appoint my brothers Elijah Harkness and George Harkness executors of this my last will and testament, and fully authorize them to take upon themselves the trust hereby created, and to do and execute whatever is herein ordered or authorized to be done, and, if necessary for the execution thereof, to sell at public or private sale any part or all my real estate, and make, execute and deliver deeds to convey the same."

Elijah declined the trust, and George gave bonds and acted as sole executor.   A sale of real estate became necessary for the payment of debts and legacies, and George Harkness, without license of court and by private sale, conveyed the premises for full consideration by warranty deed to the plaintiff.

*P. C. Bacon,* for the plaintiff.   1.   A power, given to two *nominatim,* in the character of executors, and coupled with an interest, or upon the execution of which depends a trust relating to the estate, continues upon the renunciation or death of one in the other.   *St.* 21 H. 8, *c.* 4.   Co. Lit. 113 *a,* & Hargrave's note.   *Shelton* v. *Homer,* 5 Met. 465.   *Tainter* v. *Clark,* 13 Met. 220.   *Gibbs* v. *Marsh,* 2 Met. 252.   Sugd. Pow. (1st Amer. ed.) 165, 166.   4 Kent Com. (6th ed.) 326.   4 Cruise Dig. tit. 32, *c.* 13, § 48.   Hill on Trustees, (1st Amer. ed.) 472, & note.   2 Story on Equity, §§ 1060, 1061.   *Bonifaut* v. *Greenfield,* Cro. Eliz. 80.   *Brown* v. *Higgs,* 8 Ves. 561.   *Osgood* v. *Franklin,* 2 Johns. Ch. 20, and 14 Johns. 527.   *Jackson* v. *Ferris,*

**15** Johns. 346.    *Taylor* v. *Morris*, 1 Comst. 341.    *Niles* v. *Stevens*, 4 Denio, 402.    *Zebach* v. *Smith*, 3 Binn. 69.    The American courts, applying to such powers the great leading principle of ascertaining and carrying out the intention of the testator, have held that where a power is given to executors in their official capacity, and there are no words in the will showing that it was intended as a joint power, then, as the office survives, the power survives.    *Treadwell* v. *Cordis*, 5 Gray, 358.    *Peter* v. *Beverly*, 10 Pet. 532.

The power in question here, of a sale to pay debts and legacies, was not given to the testator's brothers individually, but as executors ; it was peculiarly within the scope of an executor's office, and appears by the whole will to have been intended to be annexed to it.    The executors were to sell " if necessary for the execution " of the will, and if in their judgment they should think it necessary.    *Larned* v. *Bridge*, 17 Pick. 342.    *Stevens* v. *Winship*, 1 Pick. 318.    And the case finds that it was necessary.

2. If the executor had power to sell, the deed was a sufficient execution in form.    *Griswold* v. *Bigelow*, 6 Conn. 268.    *Lockwood* v. *Sturtevant*, 6 Conn. 387.

*D. Foster*, for the defendant.    1. This power of sale was a naked power, not coupled with an interest, and having been given to two *nominatim*, did not survive, although they were named as executors.    *St.* 21 H. 8, *c.* 4.    Co. Lit. 112 *b*, 113 *a*.    Sugd. Pow. 165, 166.    *Shelton* v. *Homer*, 5 Met. 465.    *Tainter* v. *Clark*, 13 Met. 220.    *Clark* v. *Tainter*, 7 Cush. 567.    Wherever the will indicates a personal confidence reposed by the testator in the persons appointed to execute the power, the execution thereof must be by those identical persons.    *Cole* v. *Wade*, 16 Ves. 27.    *Walker* v. *Maunde*, 19 Ves. 424.    *Granville* v. *McNeil*, 7 Hare, 179.    *Clark* v. *Tainter*, 7 Cush. 567.    In this case a special personal trust was confided to the two brothers.    They were to decide, in the first instance at least, whether any sale was necessary, and, if so, then conclusively whether it should be public or private, partial or total.    They were also empowered to appoint trustees of certain bequests, and authorized to sell for the purpose of dividing the property.    The *St.* of 21 H. 8,

*c.* 4, does not apply to discretionary sales, but only where lands are "willed to be sold;" that is, where sales are directed to be made unconditionally and without reference to the judgment and discretion of the executors. *Wooldridge* v. *Watkins,* 3 Bibb, 349. *Brown* v. *Hobson,* 3 A. K. Marsh. 380. *Clay* v. *Hart,* 7 Dana, 1. *Bartlett* v. *Sutherland,* 24 Miss. 395. *Niles* v. *Stevens,* 4 Denio, 399.

2. The deed tendered was not in form sufficient to execute the power of sale, even if it could be executed by George Harkness alone. *Griswold* v. *Bigelow,* 6 Conn. 258. *Lockwood* v. *Sturtevant,* 6 Conn. 373.

SHAW, C. J. When the power to sell is given to executors as incident to the execution of the appropriate duties of executors, and as executors, if one declines, the other may execute. Here it was a power to sell for the payment of debts and legacies, and no more. The power was good to that extent, without expressing any opinion as to other powers. The plaintiff could therefore give a good title. *Judgment for the plaintiff.*